Castillo-Ovalle v. Garland

BIA
Ruehle, IJ
A200 589 638

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
>> *Circuit Judges.*

_____

MYNOR GIOVANNI CASTILLO-OVALLE,
> *Petitioner*,

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-3392

NAC

**FOR PETITIONER:** Jose Perez, Esq., Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mynor Giovanni Castillo-Ovalle, a native and citizen of Guatemala, seeks review of a September 2, 2020, decision of the BIA affirming a September 12, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Castillo-Ovalle*, No. A 200 589 638 (B.I.A. Sept. 2, 2020), *aff'g* No. A 200 589 638 (Immig. Ct. Buffalo Sept. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA adopted and affirmed the IJ's decision without additional analysis and summarily rejected Castillo-Ovalle's appellate arguments, we have reviewed the IJ's decision directly. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). We review the IJ's factual findings for substantial

2

evidence, and we review questions of law and the application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

To establish eligibility for asylum, Castillo-Ovalle had to show that he suffered past persecution or had a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also id.* § 1158(b)(1)(A), (B)(i). To qualify for withholding of removal, he similarly had to establish a "clear probability" of persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b).[1]

We agree that Castillo-Ovalle did not establish the required nexus to a protected ground. He asserted that he was persecuted on account of his membership in a particular social group consisting of "Guatemalan working men targeted by gangs with violence for submission to become drug traffickers." Even assuming that this is a cognizable particular social group, Castillo-Ovalle did

---

[1] All citations to regulations refer to the version in effect at the time of the agency's decision.

not establish that he was a member of this group, as he did not present evidence that anyone wished for him to become a gang member or drug trafficker. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (explaining that the applicant "must provide *some* evidence of" the persecutor's motive, "direct or circumstantial"). Nor did he testify that membership in such a group was "one central reason" that he was or would be targeted. 8 U.S.C. § 1158(b)(1)(B)(i). Instead, he testified that he was targeted for extortionate calls and texts because he had recently returned to Guatemala from the United States, and therefore was believed to have money, and that he was assaulted and robbed because he walked by a group of men who wanted his wallet. This testimony supports the agency's determination that the gangs were motivated by general criminal interest, rather than Castillo-Ovalle's membership in a particular social group. *See Paloka v. Holder*, 762 F.3d 191, 198–99 (2d Cir. 2014) (noting distinction between being targeted for crime because of membership in a particular social group and because of a country's "pervasive criminality"); *Melgar de Torres v. Reno*, 191 F. 3d 307, 313 (2d Cir. 1999) (noting that general crime and violence in a country is not a stated ground for asylum and withholding of removal); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable

4

to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]."). Because Castillo-Ovalle did not establish that gang members targeted (or would target) him on account of a protected ground, he has failed to meet his burden of establishing his eligibility for asylum or withholding of removal.

To be eligible for CAT relief, Castillo-Ovalle had to show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture is defined as "severe pain or suffering . . . intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of" a public official. *Id.* § 1208.18(a)(1). The IJ reasonably concluded that Castillo-Ovalle failed to establish that he would "more likely than not" be subject to torture in Guatemala. He remained in the country for more than three years after he began receiving threats and nearly three years after the assault. Although he moved four times and continued to receive threatening calls and texts, there were no other instances of physical abuse during that period, and the record is silent as to whether anyone attempted to locate him after he left. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the

absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

In sum, Castillo-Ovalle did not meet his burden for asylum or withholding of removal because he did not demonstrate a nexus to a protected ground. He also failed to establish entitlement to CAT relief because he has not shown that he would "more likely than not" be subject to torture in Guatemala.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6